UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN A. JOHNSON,

    Petitioner,

v.

DION THOMAS,

    Respondent.

Civil No. 2:18-CV-12279
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Steven A. Johnson, ("petitioner"), presently living in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his application, filed *pro se*, petitioner challenges his conviction out of the Oakland County Circuit Court for carrying a concealed weapon, M.C.L.A. 750.227.

For the reasons that follow, the petition for a writ of habeas corpus is SUMMARILY DISMISSED pursuant to 28 U.S.C. § 2244(d).

---

[1] Petitioner was on probation at the time he filed his petition, although he was subsequently discharged from custody on September 19, 2018. *See* mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=538273probation. **Error! Main Document Only.**petitioner's probationary status at the time he filed his petition satisfies the "in custody" requirement for filing a habeas petition. *See Miskel v. Karnes,* 397 F.3d 446, 450 (6th Cir. 2005).

1

## I. Background

Petitioner was convicted following a jury trial in the Oakland County Circuit Court. The Michigan Court of Appeals affirmed petitioner's conviction on his appeal of right. *People v. Johnson*, No. 298374, 2013 WL 1748599 (Mich. Ct. App. Apr. 23, 2013). Petitioner did not file an application for leave to appeal to the Michigan Supreme Court.

Petitioner filed a petition for a writ of habeas corpus with the United States District Court for the Middle District of Pennsylvania on September 2, 2016, which transferred the petition to this Court. This Court summarily dismissed the petition without prejudice because petitioner failed to exhaust the two claims he raised in his petition, in that he never filed an application for leave to appeal with the Michigan Supreme Court after the Michigan Court of Appeals affirmed the conviction. *See Johnson v. Michigan*, No. 2:16-cv-13215, 2016 WL 5791453 (E.D. Mich. Oct. 4, 2016). Petitioner's motion for reconsideration was denied. *Johnson v. Michigan*, No. 2:16-cv-13215, 2016 WL 6211693 (E.D. Mich. Oct. 25, 2016). The United States Court of Appeals for the Sixth Circuit denied petitioner's application for a certificate of appealability and dismissed the appeal. *Johnson v. State*, No. 16-2469, 2017 WL 4863117, *1–2 (6th Cir. May 2, 2017); *rehearing den*. No. 16-2469 (6th Cir. July 26, 2017).

Petitioner filed a motion for authorization to file a successive habeas petition with the Sixth Circuit, which that court denied because petitioner's first petition was dismissed without prejudice, hence, petitioner did not need permission under 28

U.S.C. § 2244(b) to file a second habeas petition. *In Re Johnson,* No. 17-2092 (6th Cir. Feb. 26, 2018).

Petitioner's current habeas petition was signed and dated June 18, 2018.[2]

Respondent filed an answer to the petition. As part of the answer, Respondent argues that the habeas petition should be dismissed because it was filed beyond the one year statute of limitations. (ECF No. 14, PageID.39-45).

## II. Discussion

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2d Cir.1999); *see also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially

---

[2] Under the prison mailbox rule, this Court assumes that petitioner actually filed his habeas petition on June 18, 2018, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

3

>  recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Michigan Court of Appeals affirmed petitioner's conviction on April 23, 2013.  Petitioner never filed an application for leave to appeal with the Michigan Supreme Court.

If a habeas petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires.  The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. See *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

However, when, as in this case, a habeas petitioner only appeals his judgment of conviction to the Michigan Court of Appeals and fails to properly or timely file an application for leave to appeal to the Michigan Supreme Court, the additional ninety days for filing an appeal to the United States Supreme Court is not taken into account. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (clarifying that when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s]").

4

Under M.C.R. 7.305(C)(2)(a), petitioner had fifty-six days to file an appeal in the Michigan Supreme Court, the highest court in the State. The expiration of the fifty-six days represents the expiration of the time for seeking direct review of petitioner's judgment of conviction; therefore, the one-year statute of limitations began to run at that time. *Gonzalez*, 565 U.S. at 150.

Because petitioner did not file a timely application for leave to appeal to the Michigan Supreme Court, his conviction became final, for purposes of § 2244(d)(1)(A), on June 18, 2013, when the time for seeking leave to appeal with the Michigan Supreme Court expired. See *Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). Petitioner had until June 18, 2014, to timely file his habeas petition.

Petitioner's first habeas petition was filed on September 2, 2016,[3] which was over two years after the one year limitations period expired and was untimely. A petition for federal habeas review is not "an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year statute of limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001). Moreover, even if a prior habeas petition could toll the limitations period, petitioner did not file his first habeas corpus petition until over two years after the statute of limitations expired, thus, his first habeas petition could not toll or revive the expired

---

[3] Although respondent indicates that petitioner's first petition was filed with the United States District Court for the Middle District of Pennsylvania on September 7, 2016, the petition was signed and dated September 2, 2016. See Case No. 16-13215, ECF No.1, PageID.9.

5

limitations period. *See Rosati v. Kernan,* 417 F. Supp. 2d 1128, 1131 (C.D. Cal. 2006).

The current habeas petition, filed on June 18, 2018, is untimely because it was filed after the one year limitations period expired.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he is entitled to the equitable tolling of the one year limitations period. *Id.* Petitioner is not entitled to equitable tolling of the one year limitations period, because he failed to argue or show that the facts of his case support equitable tolling. *See Giles v. Wolfenbarger,* 239 F. App'x 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he

6

persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). Moreover, in determining whether petitioner makes out a compelling case of actual innocence, so as to toll the AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup,* 513 U.S. at 332). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005). Because petitioner has presented no new evidence that he is factually innocent of these charges, he is not entitled to tolling of the limitations period.

### III. Conclusion

The Court summarily dismisses with prejudice the petition for a writ of habeas corpus with prejudice.

The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial,

the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court denies petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether the Court was correct in determining that petitioner filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). However, although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal

8

could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. See *Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

Accordingly, the habeas petition is summarily dismissed with prejudice because it was filed beyond the one year statute of limitations.

**IT IS ORDERED** that:

(1) the petition for a writ of habeas corpus is **SUMMARILY DISMISSED WITH PREJUDICE**

(2) A certificate of appealability is **DENIED**.

(3) Petitioner will be granted leave to appeal *in forma pauperis.*

Dated: February 16, 2021

                                         s/Arthur J. Tarnow
                                        Arthur J. Tarnow
                                        United States District Judge